{¶ 1} I respectfully dissent for two reasons. First, Ohio law does not provide that sole and "irrevocable beneficiary" are synonymous terms. Although the majority cites a federal district court case from the southern district of Ohio, Metro Life Ins. Co. v. Cronenwett (S.D.Ohio 2001), 162 F. Supp.2d 889, that case misinterprets Ohio law on this point. In fact, the cases cited by the Cronenwett court do not even stand for the proposition. The divorce decree in the Eighth District case relied on by Cronenwett does not contain either the designation of sole or "irrevocable beneficiary." See Stewart v. Stewart (Mar. 4, 1999), 8th Dist. No. 73982. The other cases relied on by the Court were situations where individuals were actually named under an insurance policy as irrevocable beneficiaries and then removed from the policy and substituted with another's name.
 {¶ 2} Secondly, the decree at issue here is not enforceable. The decree obligated the decedent to name R.M. the irrevocable beneficiary of all insurance presently in effect and that may be obtained in the future.
 {¶ 3} This language prohibited decedent from ever purchasing or otherwise obtaining life insurance to protect any children born later to him. Public policy dictates and equity demands that a parent cannot be prevented from providing for any and all of his children, especially here when all three children were minors.
 {¶ 4} I would affirm.